IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                              No. CR 15-0430 JB

AARON HUBBARD,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Determine Counsel, filed June 12, 2015 (Doc. 23)("Motion").  The Court held a hearing on June 17, 2015.  The primary issue is whether the Court should remove Defendant Aaron Hubbard's Assistant Federal Public Defender, John V. Butcher, and appoint him a new attorney.  Because the Court concludes that Mr. Butcher is an experienced and knowledgeable attorney who is giving Hubbard's case the attention it deserves, the Court denies the Motion without prejudice to Hubbard renewing it at a later time.

## FACTUAL BACKGROUND

The Court takes its facts from the Indictment, filed February 10, 2015 (Doc. 1).  On or around September 1, 2011, through May 30, 2012, Hubbard engaged in a sexual act with Jane Doe, who had not yet reached the age of twelve years.  See Indictment at 1.  The alleged act occurred in Indian Country, in McKinley County, in the District of New Mexico.  See Indictment at 1.  The Indictment charges Hubbard with violating 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(A).  See Indictment at 1.

## PROCEDURAL BACKGROUND

Hubbard filed the Motion on June 12, 2015.  See Motion at 1.  He requests that the Court "hold a hearing to determine whether the Office of the Federal Public Defender should remain as counsel in the instant cause."  Motion at 1.  He argues that he has had "multiple contacts" with Mr. Butcher, the federal public defender appointed to represent him.  Motion at 1-2.  He "expressed his dissatisfaction with Defense Counsel concerning his representation in the instant cause" and "does not wish to proceed with his case until he has had a hearing before Court."  Motion at 2.  Hubbard states that he "wishes to address the Court in an effort to obtain new counsel."  Motion at 2.  He contends that it would be efficient for the Court and for the parties if the Court holds a hearing to determine whether the Court should appoint new counsel.  See Motion at 2.

The Court held a hearing on June 17, 2015.  See Transcript of Hearing (taken June 17, 2015)("Tr.).[1]  The Court asked Plaintiff the United States of America whether it wanted to make any statements on the record before the Court asked it to excuse itself from the courtroom while the Court determined the representation issue.  See Tr. at 3:3-6 (Court).  The United States noted that it brought paperwork containing a new plea offer.  See Tr. at 3:7-15 (Mott).  The Court then excused the United States from the courtroom.  See Tr. at 5:6-10 (Court, Mott).

The Court first asked Mr. Butcher whether he thought he could maintain a professional relationship with Hubbard.  See Tr. at 6:13-16 (Court).  Mr. Butcher stated that they had a cordial relationship and that he was not asking to be relieved.  See Tr. at 6:17-21 (Butcher).  He argued that no other attorney could likely do anything different than he had done or give different advice.  See Tr. at 7:1-5 (Butcher).

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

The Court then asked Hubbard why he wanted new counsel.  Hubbard had also sent a letter to the Court describing his complaints.  See Letter from Aaron Hubbard to the Honorable James Browning, United States District Court Judge for the District of New Mexico (June 15, 2015), filed June 18, 2015 (Doc. 26)("Letter").  Hubbard repeated the same concerns with Mr. Butcher's representation that he made at the hearing.  See Letter at 1-2.  Hubbard first stated that Mr. Butcher told him to conceal his mental health issues, so he was unable to receive the correct medication for some period.  See Tr. at 10:8-12 (Hubbard).  Second, he stated that Mr. Butcher always "seemed to be in a hurry."  Tr. at 10:14 (Hubbard).  Hubbard acknowledged that Mr. Butcher was "knowledgeable" and had "years of experience," but he nevertheless thought that Mr. Butcher did not have time to handle his case.  Tr. at 10:16-20 (Hubbard).  Specifically, Hubbard alleged that Mr. Butcher rushed him to sign his plea agreement.  See Tr. at 10:20-23 (Hubbard).

In response Mr. Butcher described his thorough examination of Hubbard's case.  He asserted that he explained the trial process and described the problematic issues in Hubbard's case.  See Tr. at 18:19-19:3 (Butcher).  Mr. Butcher stated that he did not rush Hubbard during their meetings: he "was there as long as [Hubbard] needed [him]" and met with him on multiple occasions.  Tr. at 19:11-15 (Butcher).  In response to Hubbard's specific contention that Mr. Butcher rushed Hubbard to sign his plea agreement, Mr. Butcher disagreed.  He argued that he told Hubbard to sign or reject the plea agreement before the United States revoked the offer.  See Tr. at 14:8-17 (Butcher).  Mr. Butcher stated that, in this instance, Hubbard had waited long enough, that the trial was approaching, and that the United States would begin preparing for trial, meaning that the United States would rescind the plea offer.  See Tr. at 14:8-17 (Butcher).

Finally, Mr. Butcher stated that he never "told him not to seek medical treatment."  Tr. at 20:12-13 (Butcher).

After recounting Mr. Butcher's qualifications and experience, the Court noted that Mr. Butcher is "one of the most respected federal public defenders and one of the most respected criminal defense lawyers in the state."  Tr. at 13:12-17 (Court).  The Court stated that Mr. Butcher "does a great job for his clients" and "works very hard."  Tr. at 13:24-25 (Court).  The Court also stated that it wanted to give Hubbard enough time to make an informed decision.  See Tr. at 15:22-24 (Court).  The Court said that, if it could remove the pressure of having to sign the plea agreement so quickly, it would negate the primary reason Hubbard sought a new attorney. See Tr. at 16:4-10 (Court).  Additionally, Mr. Butcher agreed that a continuance would be helpful in Hubbard's case.  Mr. Butcher argued that, given that Hubbard faces a thirty-year mandatory minimum sentence, providing Hubbard with a couple more months to prepare his defense would not damage the United States' case.  See Tr. at 21:6-11 (Butcher).

The Court concluded that Mr. Butcher was providing good legal services for Hubbard. See Tr. at 24:6-8 (Court)("Butcher is doing a good job for you, and you'd be better off trying to make it work with him rather than trying to build a relationship with somebody new and maybe somebody that's not as skilled or not as experienced.").  Accordingly, the Court stated that it would deny Hubbard's Motion without prejudice to renewing it if he remained unsatisfied with Mr. Butcher.  See Tr. at 23:3-15 (Court).  Furthermore, it stated that it would leave Mr. Butcher as defense counsel, but it would give Hubbard more time to consider his plea agreement.  See Tr. at 23:3-15 (Court).  The Court denied the Motion without prejudice to Hubbard if he wants to renew it later in the case.  See Tr. at 26:12-14 (Court).  The Court brought the United States back

- 4 -

into the courtroom and informed it that the Court had denied the Motion and that Mr. Butcher would remain as counsel.  See Tr. at 26:9-14 (Court).

### RELEVANT LAW REGARDING APPOINTMENT OF NEW COUNSEL

To warrant substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict."  United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999).  "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications."  United States v. Stewart, 378 F. App'x 773, 777 (10th Cir. 2010).  To prove a total breakdown in communication, a defendant must point to evidence of a severe and pervasive conflict with his attorney, or evidence of minimal contact with his attorney -- such that meaningful communication is not possible.  See United States v. Stewart, 378 F. App'x at 777.  The United States Court of Appeals for the Tenth Circuit has stated that, in assessing whether to grant a motion to substitute counsel, a court should consider: (i) whether the defendant's request was timely; (ii) whether the trial court adequately inquired into defendant's reasons for making the request; (iii) whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (iv) whether the defendant substantially and unreasonably contributed to the communication breakdown. See United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005).

Courts balance these factors when determining whether to grant substitution of counsel.  See United States v. Lott, 433 F.3d 718, 725 (10th Cir. 2006)(weighing the four factors, and determining that, although the first factor weighed in favor of granting the defendant's motion for substitute counsel, the remaining three factors weighed against granting his motion).  See,

e.g., United States v. Mendoza-Renteria, 2013 WL 502476, *2 (D.N.M. 2013)(Browning, J.)(weighing the four factors and concluding that they weighed in favor of appointing new counsel); United States v. Yazzie, 2010 WL 5477218, *3 (D.N.M. 2010)(Browning, J.)(considering the four factors and determining that there had not been a total breakdown of communication).

## ANALYSIS

For the reasons stated at the hearing, the Court will deny Hubbard's request for new counsel.  There has not been "a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d at 1302. Nor has there been "a severe and pervasive conflict with his attorney or evidence of minimal contact with his attorney -- such that meaningful communication is not possible."  United States v. Stewart, 378 F. App'x at 777.  If anything, there appears to have been a miscommunication. Hubbard contends that he felt rushed to sign his plea agreement, see Tr. at 10:20-23 (Hubbard), while Mr. Butcher asserts that he did not rush Hubbard -- the timing of the trial placed time restraints on Hubbard's ability to consider the plea agreement, see Tr. at 19:11-15 (Butcher). Furthermore, the Court's continuance of the trial will assuage much of the time pressure on Hubbard.  See Tr. at 16:4-10 (Court).  Because the Court can mitigate one of the reasons that Hubbard felt he needed new counsel, and because there has not been a complete breakdown of communication between Hubbard and Mr. Butcher, the Court denies the Motion.  If the relief of the time pressure does not change Hubbard's position, he can renew his Motion.

IT IS ORDERED that the Motion to Determine Counsel, filed June 12, 2015 (Doc. 23)("Motion"), is denied without prejudice to Hubbard renewing the Motion at a later time if he desires or finds it necessary to do so.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David P. Martinez
  United States Attorney
Raquel Ruiz-Velez
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the United States*

John V. Butcher
  Assistant Federal Public Defender
Albuquerque, New Mexico

      *Attorney for the Defendant*