IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                            No. CR 15-0430 JB

AARON HUBBARD,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Second Addendum to the Presentence Report: Objections, filed May 25, 2016 (Doc. 69)("Objections"). The Court held a sentencing hearing on May 26, 2016. The primary issues are: (i) whether sufficient evidence exists to apply U.S.S.G. § 2A3.1's cross-reference, which imposes a higher base offense level, when Defendant Aaron Hubbard pleads guilty only to a sexual contact and not a sexual act; (ii) whether a victim who is sleeping when the defendant begins committing a crime is a "vulnerable victim," as U.S.S.G. § 3A1.1(b)(1) defines that phrase; and (iii) whether sufficient evidence exists to support the enhancement for using force against victim Jane Doe under U.S.S.G. § 2A3.1(b)(1). First, because Hubbard admitted only to a sexual contact rather than a sexual act, see Amended Plea Agreement, filed May 26, 2016 (Doc. 73), which does not amount to criminal sexual abuse, insufficient evidence exists to apply U.S.S.G. § 2A3.1's cross-reference. Second, when a defendant begins committing a sexual act against a victim when the victim is sleeping, the victim is a "vulnerable victim" as § 3A1.1(b)(1) defines that phrase. Third, the investigative report and Hubbard's admissions provide sufficient evidence for the Court to conclude by a preponderance of the evidence that Hubbard used force against the victim.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Hubbard pled guilty to violating 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3) -- Abusive Sexual Contact of a Minor -- and admitted these facts:

> Between on or about September 1, 2011, to on or about May 30, 2012, in Indian Country, in McKinley County, in the District of New Mexico, I, Aaron Hubbard, an Indian, unlawfully and knowingly engaged in and attempted to engage in a sexual contact with Jane Doe, a minor female tribal member, who had not attained the age of 12 years, and the sexual contact consisted of my intentional touching of Jane Doe's genitalia, directly and through the clothing, with the intent to abuse, humiliate, harass, degrade, arouse and gratify the sexual desire of any person. I did this in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3).
>
> Specifically, I touched Jane Doe's genitals over her clothes, with my penis, at the residence I shared with Jane Doe's mother. Jane Doe had not attained the age of 12 years when this happened. I did this to arouse or gratify my own sexual desire, or to abuse, humiliate, harass, or degrade Jane Doe. I am a member of the Navajo Nation, an Indian as defined by federal law. The property where this occurred, is located within the exterior boundaries of the Navajo Nation, and thus, on Indian land as defined by federal law.

Amended Plea Agreement at 3-4.

At the hearing, Hubbard emphasized that he did not plead guilty to committing a sexual act, as 18 U.S.C. § 2246(2)(d) defines that phrase. See Transcript of Hearing, taken May 26, 2016 ("Tr.").[1]  He stated: "[T]his was always a plea to contact, as it has been for all the time. We would not have pled to a sexual act. . . .  We think the evidence only shows it as a contact, and we have always denied Jane Doe's allegations on the most . . . ." Tr. at 6:10-23 (Butcher). The United States agreed that "there are evidentiary hurdles in this case," and that "the government would be able to prove sexual contact instead of sexual act." Tr. at 11:8-14 (Ruiz-Velez).

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

- 2 -

In the Presentence Investigation Report, disclosed January 11, 2016 ("PSR"), the United States Probation Office ("USPO") recommends applying: (i) § 2A3.1's cross-reference; (ii) the 2-level enhancement pursuant to § 3A1.1(b)(1); and (iii) the 4-level enhancement for using force pursuant to § 2A3.1(b)(1).  PSR ¶¶ 25-36, at 6-7.  Hubbard objects to the application of both the cross-reference and the enhancements.  See Objections at 1-2.

I.    THE COURT SUSTAINS HUBBARD'S OBJECTION TO THE APPLICATION OF THE CROSS-REFERENCE UNDER § 2A3.1.

Hubbard first objects to the application of the cross-reference under U.S.S.G. § 2A3.1 in paragraph 25 of the Presentence Report.  See Objections at 1.  He contends that the "relevant conduct for Abusive Sexual Contact does not go beyond the count of conviction" and that he "only admitted to committing a sexual contact in the count of conviction."  Objections at 1.  Section 2A3.4's enhancement applies when the "offense involve[s] criminal sexual abuse" as 18 U.S.C. §§ 2241 or 2242 define that phrase.  U.S.S.G. § 2A3.4(c)(1).  Notably, § 2A3.4 does not state that it applies when the defendant is convicted of criminal sexual abuse under 18 U.S.C. §§ 2241 or 2242.  The Guidelines define "offense" as not only the offense of conviction, but also "all relevant conduct."  U.S.S.G. §1B1.1 cmt. n.1(H).  Accordingly, if the Court could find by a preponderance of the evidence that Hubbard's conduct in the offense of conviction involved sexual abuse as 18 U.S.C. §§ 2241 or 2242 define that phrase, it could apply the cross-reference.  See United States v. Banks, 190 F. App'x 825, 826 (11th Cir. 2006)(concluding that the district court properly applied the cross-reference when the district court found that the defendant "used force to cause a minor to engage in a sexual act," which constitutes criminal sexual abuse within 18 U.S.C. § 2242); United States v. Flavors, 15 F. App'x 491, 494 (9th Cir. 2001)(directing district courts to consider "all acts . . . committed . . . by defendant that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of

attempting to avoid detection or responsibility for that offense" in determining whether to apply the cross-reference).

      Here, however, Hubbard does not admit to committing acts that constitute criminal sexual abuse as 18 U.S.C. §§ 2241 or 2242 define that phrase. See Amended Plea Agreement at 3-4; Tr. at 13:5-12 (Court)("The new plea agreement admits to touching Jane Doe's genitals only over her clothes. . . . So he's not pled guilty to committing conduct that would constitute criminal sexual abuse."). Section 2241 defines criminal sexual abuse as requiring the defendant to commit a "sexual act," defined as "the intentional touching, not through the clothing, of the genitalia of another person . . . ." 18 U.S.C. § 2246(2)(D) (emphasis added). See 18 U.S.C. § 2241 ("Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years . . . shall be fined under this title and imprisoned for not less than 30 years or for life." (emphasis added)). In contrast, Hubbard pleads guilty to "knowingly engag[ing] in or caus[ing] sexual contact with or by another person, if so to do would violate -- subsection (c) of section 2241 of this title had the sexual contact been a sexual act." 18 U.S.C. § 2244(a)(5) (emphasis added). Section 2246(3) defines sexual contact to mean "the intentional touching, either directly or through the clothing, of the genitalia . . . ." 18 U.S.C. § 2246(3). Hubbard therefore does not admit to conduct that would constitute a sexual act, so he does not admit to committing conduct that would constitute criminal sexual abuse. Furthermore, the United States explained at the hearing that it did not have sufficient evidence to prove that Hubbard committed conduct that would constitute a sexual act. See Tr. at 11:8-14 (Ruiz-Velez). See United States v. Flavors, 15 F. App'x at 494-95 (applying the cross-reference where the defendant "does not contest the finding that he himself repeatedly engaged in nonconsensual sexual acts" with the victims); United States v. Morgan, 164 F.3d 1235, 1238-39 (9th Cir.

1999)(affirming the district court's application of the cross-reference where the defendant's "plea and admissions confirm that he committed acts proscribed by 18 U.S.C. § 2242," because he "admitted to engaging in a 'sexual act,' intercourse, when he recounted the incident").

Because Hubbard admits only to a sexual contact, and because criminal sexual abuse requires the defendant to commit a sexual act, Hubbard does not admit to committing behavior that would constitute criminal sexual abuse. Moreover, the United States does not have sufficient evidence to show that Hubbard's conduct constitutes criminal sexual abuse. In the end, the Court has Jane Doe's version of the events and Hubbard's version of the events, and there are problems and inconsistencies with Jane Doe's version. The Court cannot find her version by a preponderance of the evidence. In conclusion, the evidence does not allow the Court to conclude by a preponderance of the evidence that Hubbard engaged in criminal sexual abuse. The Court therefore sustains Hubbard's first objection.

## II. THE COURT OVERRULES HUBBARD'S OBJECTION TO THE ENHANCEMENT UNDER § 3A1.1(b).

Second, Hubbard objects to the USPO's application of a 2-level enhancement under U.S.S.G. § 3A1.1(b)(1) in the PSR's paragraph 29. See Objections at 1. Section 3A1.1(b)(1) directs the Court to apply a 2-level increase if "the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b). Hubbard argues that U.S.S.G. § 2A3.1(b)(2) already takes into account the victim's age. See Objections at 1. The enhancement applies, however, not only when the victim is vulnerable because of his or her age. See United States v. Wetchie, 207 F.3d 632, 634 n.3 (9th Cir. 2000)(O'Scannlain, J.)(concluding that it is inappropriate to include age to support a finding of particular susceptibility, but applying the vulnerable victim adjustment, because the eleven-year-old child was asleep when the defendant began his assault). The enhancement applies when a victim is vulnerable, as

defined by "age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. §3A1.1 cmt. n.2. See United States v. Archdale, 229 F.3d 861, 869 n.5 (9th Cir. 2000)(stating that age could not be considered, but applying the vulnerable victim adjustment because the twelve-year-old child was cognitively impaired). Although § 3A1.1's commentary directs the Court not to apply the enhancement if the offense guideline already takes the factor that makes the victim vulnerable into account, that situation is not the case here. Jane Doe was vulnerable here because of the following factors: (i) she was asleep when Hubbard began assaulting her, which diminished her capacity; and (ii) she was particularly small, especially in relation to Hubbard, who outweighed her by more than 150 pounds. Section 3A1.1(b) expressly directs the Court to consider the victim's "physical or mental condition," which includes Jane Doe's particularly frail physical stature in relation to Hubbard and her unconscious state when Hubbard began assaulting her. Both of these factors make the victim "particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1 cmt. n.2. See United States v. Scott, 529 F.3d 1290, 1302-03 (10th Cir. 2008).

Being asleep when Hubbard began assaulting Jane Doe prevented her from making noise, fending off Hubbard, or alerting others to Hubbard's advances when he entered the room. See U.S.S.G. §3A1.1 cmt. n.2. Contrary to Hubbard's suggestions, the PSR does not take this vulnerability into account in its 2-level enhancement because of the fact that Jane Doe was in Hubbard's care, custody and supervisory control. See Sentencing Memorandum, filed May 23, 2016 (Doc. 68). That Hubbard had access to Jane Doe through his supervisory control does not reflect Jane Doe's added vulnerability because she was sleeping when Hubbard began his assault. Because the PSR does not account for this factor elsewhere, the PSR appropriately takes them into account in its 2-level enhancement under §3A1.1(b).

Furthermore, both the Court and the United States Courts of Appeals have affirmed the finding that a victim who is asleep may be vulnerable, as § 3A1.1 defines that term. See United States v. Coriz, 2014 WL 4347179, at *3-4 (D.N.M. 2014)(Browning, J.). In United States v. Wetchie, the defendant entered the eleven-year-old victim's bedroom, where he "noticed that the victim was sleeping on her back, wearing only underwear and not covered by any bed covers." 207 F.3d at 633. He "rubbed the victim's genital area over her panties for several seconds," waking her. 207 F.3d at 633. The United States Court of Appeals for the Ninth Circuit affirmed the district court's application of the vulnerable victim enhancement, because "the victim's being asleep diminished [her] ability to resist the Defendant or cry out, [rendering her] essentially unable under any circumstances to resist his physical advance, unable to express any objection, unable to cry out, unable to do really anything until after the act was already underway or completed." 207 F.3d at 634 (alterations in original). In United States v. Newsom, 402 F.3d 780 (7th Cir. 2005)(Wood, J., with Bauer and Posner, JJ.), the defendant "was caught with child pornography on his computer, including pictures of his own daughter and his ex-girlfriend's daughter." 402 F.3d at 781. The district court found that one of the victims was unusually vulnerable, because she was asleep at the time the defendant filmed her. See 402 F.3d at 785. "The court explained that '[s]he [was] unable to express any kind of discontent . . . . She [was] unable to resist or express any kind of objection. She [could not] do anything until the act [was] either underway or over.'" 402 F.3d at 785. The United States Court of Appeals for the Seventh Circuit explained that not every "victim who surreptitiously is watched is vulnerable," such as a person "out in public unaware of who is focusing on her," and who "does not know that she is being videoed or watched." 402 F.3d at 785. The Seventh Circuit affirmed the district court's conclusion, however, because

> [t]he videotape admitted into evidence and viewed by the district court shows [the defendant] moving Jane Doe # 1's underwear so as to get better shots of her genitals. Such an attempt would have been impossible had Jane Doe # 1 been awake. The purpose of the vulnerable victim enhancement, which is to punish more severely those who target the helpless, is satisfied on these facts.

402 F.3d at 785. See United States v. Plenty, 335 F.3d 732, 735 (8th Cir. 2003)(upholding the enhancement, because a sleeping burglary victim "did not have the ability to phone law enforcement, to run away, to move the location of the assault away from her children, or to fight back"); United States v. Kapordelis, 569 F.3d 1291, 1315-16 (11th Cir. 2009)(stating that the victims, whom the defendant had drugged and then photographed while they were asleep, "qualified as 'vulnerable victims' under the Guidelines because they were asleep or otherwise nonresponsive and, thus, unable to object or respond in any way when [the defendant] pulled down their underwear and exposed their genitalia or anuses for the camera"). See United States v. Coriz, 2014 WL 4347179, at *3-5. The Court concludes that being asleep makes Jane Doe a vulnerable victim as § 3A1.1(b)(1) defines that term. The facts demonstrate that Jane Doe was asleep when Hubbard began his assault. Hubbard does not dispute that Jane Doe was sleeping. See Tr. at 17:10-15 (Butcher, Court). Accordingly, sufficient evidence exists to conclude by a preponderance of the evidence that Jane Doe was asleep when Hubbard began his assault. That Jane Doe was sleeping warrants the 2-level enhancement under § 3A1.1(b).

Second, Jane Doe's significantly smaller stature also made her particularly susceptible to Hubbard's conduct, because she could not fend off his advances. The offense does not necessarily take this factor into account. See United States v. Scott, 529 F.3d 1290, 1302-03 (10th Cir. 2008)(concluding that a child victim's particularly small size made her more vulnerable to the defendant's conduct). Although children are smaller than adults, a particular child may not be so much smaller than the particular defendant that he or she could not fend off

the defendant's advances. See United States v. Scott, 529 F.3d at 1302-03 ("Her small size would have made her more fearful of fleeing from [the defendant's] vehicle or protesting her abduction . . . ."). Accordingly, the Court does not rely on Jane Doe's status as a child to support the enhancement. It relies on Jane Doe's particularly small size. She was significantly shorter than Hubbard and weighed 150 pounds less than him. See Tr. at 18:1-16 (Ruiz-Velez)(noting that the defendant weighed 225 pounds while the victim weighed 75 pounds, and that the defendant was the only adult in the residence). In conclusion, Jane Doe's significantly smaller size demonstrates that she was unusually vulnerable even compared to other child victims. See United States v. Scott, 529 F.3d at 1302-03.[2]

The Tenth Circuit has upheld a district court's application of the enhancement when an adult male victim was significantly smaller than the defendants. See United States v. Checora, 175 F.3d 782, 789 (10th Cir. 1999). The Tenth Circuit stated that the district court was "correct to consider this size disparity. . . . The fact that [the victim] was intoxicated, outnumbered, and much smaller in stature than his assailants suggests to us, as it did to the district court, that he was particularly susceptible to the defendants' criminal conduct." 175 F.3d at 789-90 (emphasis added). Here, the size disparity between the defendant and the victim is substantially greater than the disparity at issue in United States v. Checora. Accordingly, the Court concludes that the size disparity constitutes one factor that makes Jane Doe a vulnerable victim. Like the district court in United States v. Checora, the Court here does not rely on the size disparity alone to enhance Hubbard's sentence. Rather, the Court considers relative size as one of several factors

---

[2]Contrary to Hubbard's assertions, applying the enhancement here does not necessarily mean that it can be applied to any crime in which the male defendant is larger than a female. Section 3A1.1(b) directs the Court to consider factors that make the victim "particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1 cmt. n.2 (emphasis added). Being an average-sized adult, even though somewhat smaller than the defendant, does not make an average female particularly vulnerable to criminal conduct by virtue of the woman's size.

that renders Jane Doe an unusually vulnerable victim under the totality of the circumstances. See United States v. Checora, 175 F.3d at 789.  See Tr. at 24:5-11 (observing that the victim's particularly small stature "alone may not be sufficient," but when coupled with "the fact that the victim was asleep, puts it into the vulnerable victim category for § 3A1.1 purposes").

### III. THE COURT OVERRULES HUBBARD'S OBJECTION TO THE ENHANCEMENT UNDER § 2A3.1(b)(1).

Finally, Hubbard objects to the 4-level enhancement under U.S.S.G. § 2A3.1(b)(1), because insufficient evidence exists that Hubbard used force.[3]  See Objections at 2.  Hubbard further asserts that the alleged force is inconsistent with the contention that Jane Doe was sleeping while he molested her.  See Objections at 2.  Hubbard misstates the facts.  Jane Doe maintains that she was sleeping when Hubbard began to molest her -- not that she remained asleep throughout the entire incident.  See Objections at 2.  Sufficient evidence exists to support the contention that, when Jane Doe awoke, Hubbard restrained her so that she could not escape. The Tenth Circuit defines "force" as "'such physical force as is sufficient to overcome, restrain or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim.'" United States v. Reyes Pena, 216 F.3d 1204, 1210-11 (10th Cir. 2000)(quoting United States v. Yazzie, 1998 WL 276362, at *3 (10th Cir. May 27, 1998)).  The Tenth Circuit further explained that "a force enhancement is appropriate when 'the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.'" United States v. Reyes Pena, 216 F.3d at 1211 (quoting United States v. Lauck, 905 F.2d 15, 17-18 (2d Cir. 1990).  A district court can infer such force "by such facts as

---

[3]Although Hubbard does not raise this argument, applying § 2A3.1(b)(1)'s enhancement for force does not double-count the force factor.  The Tenth Circuit has rejected this argument as applied to child sexual abuse, concluding that, "in a case involving the sexual abuse of a child, the guidelines provide the sentencing judge with the flexibility to apply a force enhancement depending on the facts." United States v. Reyes Pena, 216 F.3d 1204, 1210-11 (10th Cir. 2000).

disparity in size between victim and assailant, or disparity in coercive power, such as that between an adult and a child." United States v. Reyes Pena, 216 F.3d at 1211.

Jane Doe reports that Hubbard climbed on top of her while she was in bed.  See PSR ¶ 19, at 5.  She tried to push him off of her, but because she was significantly smaller than him, she was unable to do so.  See PSR ¶ 19, at 5.  Hubbard does not dispute weighing significantly more than Jane Doe and admits that he "was on top of Jane Doe."  Tr. at 28:17-18 (Butcher).  Hubbard further admits that Jane Doe awoke once he was on top of her.  See Tr. at 30:6-13 (Butcher)("[W]e do acknowledge she was not asleep through the entire thing.").  Finally, Hubbard "acknowledge[s] he restrained her to the point necessary to commit the offense."  Tr. at 28:20-21 (Butcher).

Hubbard's significantly greater size means that, if he was on top of Jane Doe, he restrained her so that she could not escape.  See Tr. at 30:14-24 (Court)("[S]imply climbing on top of her and then restraining her is enough to find by a preponderance of the evidence that the enhancement applies."); id. at 30:17-20 ("Mr. Hubbard admits that he restrained her and so with that, I think sufficient evidence exists to support the enhancement.").  Accordingly, the USPO correctly applied the 4-level increase pursuant to U.S.S.G. § 2A3.1(b)(1), and the Court overrules Hubbard's objection.

**IT IS ORDERED** that Defendant Aaron Hubbard's objections in the Second Addendum to the Presentence Report: Objections, filed May 25, 2016 (Doc. 69), are overruled in part and sustained in part.  The Court sustains Hubbard's objection to the application of U.S.S.G. § 2A3.1's cross-reference, and it overrules Hubbard's objections to the enhancements under § 3A1.1(b)(1) and §2A3.1(b)(1).

 

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David P. Martinez
  United States Attorney
Raquel Ruiz-Velez
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

John V. Butcher
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*